The Honorable Dan Harmon, Prosecuting Attorney Seventh Judicial District 102 South Main Street, P.O. Drawer 999 Benton, Arkansas 72015
Dear Mr. Harmon:
This is in response to your request for an opinion on the following question:
 Whether a county quorum court must approve a purchase of land by the board of governors for a county hospital?
In response to your question, it is my opinion that the answer is "yes."
Arkansas Code Annotated § 14-263-105 (1987) sets forth the powers and duties of a board of governors for a county hospital; that statute provides, in pertinent part, the following:
 (b) Each board, being charged with the duty of managing, controlling, and supervising the operation of the county hospital, is vested by the terms of this chapter with discretion as to what policies and methods of operation shall be in the best interest of the hospital.
 (c) Each board is empowered with the authority to make regulations, employ personnel, and prescribe any and all requirements and other matters pertaining to the operation of the hospital by the board.
Pursuant to A.C.A. § 14-263-106(a) (1987), the board of governors for a county hospital is also empowered to lease the hospital, subject to approval of the lease by the county judge and quorum court of the county in which the hospital is located.
While the statutes discussed above enumerate the general powers and duties of boards of governors for county hospitals, they do not specifically address the subject of land purchases by boards of governors. There are, however, statutes which specifically address the purchase of land by a county for a county hospital. For example, pursuant to A.C.A. § 14-265-103 (1987), counties (no mention made of a board of governors for a county hospital) are authorized to acquire land that can be used for county hospitals. In order to make such acquisitions pursuant to this statute, counties are authorized to issue revenue bonds and to use any other available revenues. See A.C.A. § 14-265-104(a) (1987). Additionally, it has been stated that exclusive jurisdiction over a county owned hospital rests with the county judge and quorum court. Bell v. Crawford County, 287 Ark. 251, 254,697 S.W.2d 910 (1985). In sum, it is my opinion that boards of governors for county hospitals must receive the approval of county quorum courts in order to purchase lands for county hospitals.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh